IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAQUELINE HOLLOWAY, | CIVIL NO. 19-00298 JAO-RT |
| Plaintiff, | |
| vs. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| FEDEX EXPRESS, | |
| Defendant. | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This action arises from Defendant FedEx Express' ("Defendant") alleged disability discrimination against pro se[1] Plaintiff Jacqueline Holloway ("Plaintiff") by failing to provide reasonable accommodations and terminating her. Defendant moves to dismiss on two grounds: (1) Plaintiff previously stipulated and agreed to dismiss this action if litigation proceeded in a similar action in the U.S. District Court for the Western District of Tennessee and (2) the first-to-file rule permits district courts to decline jurisdiction when another similar action involving the same parties and issues has already been filed in another district.

The Court elects to decide this Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the U.S. District Court for the District of

---

[1] Plaintiff initiated this action pro se then retained counsel. Counsel has since withdrawn. ECF No. 43.

Hawaii.  For the following reasons, the Court GRANTS Defendant's Motion to Dismiss.

## BACKGROUND

Prior to filing this and the Tennessee suits, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Hawaii Civil Rights Commission ("HCRC") alleging that Defendant terminated her for violating its attendance policy before her doctor released her for her medical condition and while she requested an accommodation to successfully reenter the workforce.  Compl. at 2.  On February 14, 2019 and March 7, 2019, the EEOC and HCRC issued right to sue letters, respectively.  *See id.*

A.    Tennessee Action

Plaintiff commenced an action in the Western District of Tennessee on May 14, 2019.  ECF No. 35-2.  There, she alleged that Defendant violated the Americans with Disability Act ("ADA") by discriminating against her and a class of disabled employees because of their disabilities, and that Defendant retaliated against her because of a prior EEOC claim.  ECF No. 35-2 at 3.

On May 23, 2019, the court issued an Order Granting Leave to Proceed In Forma Pauperis indicating that she would screen the complaint to determine whether a summons should issue.  ECF No. 35-3.

On October 9, 2019, Plaintiff filed a Motion to Transfer Venue, requesting the transfer of her case from Tennessee to Hawai'i pursuant to 28 U.S.C. § 1404(a). ECF No. 35-5. While the motion was pending, Plaintiff filed an amended complaint and a second amended complaint. ECF Nos. 35-6, 35-7. In her second amended complaint, she alleged that Defendant violated the ADA by failing to provide reasonable accommodations and violated the ADA and Title VII of the Civil Rights Act by discharging her in retaliation for filing EEOC claims. ECF No. 35-7 ¶¶ 28–29.

With the court's permission, Defendant propounded discovery requests upon Plaintiff to address the issues raised in her Motion to Transfer Venue. ECF No. 35-1 at 3–4. Plaintiff failed to respond, even after the court compelled her to do so. ECF Nos. 35-8, 35-9. The court consequently denied the Motion to Transfer Venue without prejudice. ECF No. 35-10 at 2 ("As stated during the status conference, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to change venue (ECF No. 12) because Plaintiff has failed to comply with discovery requests on the matter.").

On September 1, 2020, Plaintiff filed a Renewed Motion to Change Venue Based Upon Conflict of Interest and Collusion, which Defendant opposed. ECF Nos. 49-1, 49-6. Plaintiff then filed a third amended complaint, wherein she asserted for the first time that venue in the Western District of Tennessee is

improper because a substantial part of the events giving rise to her claims occurred in Hawaiʻi. ECF Nos. 49 at 2, 49-2. Defendant moved to strike the third amended complaint. ECF No. 49-3.

The court scheduled a November 13, 2020 status conference to discuss all pending motions. ECF No. 49-5.

B.   Hawaiʻi Action

Plaintiff filed this action on June 10, 2019, asserting allegations similar to those in the Tennessee action – that Defendant discriminated against her, in violation of the ADA, by failing to provide her with her requested accommodation and discharging her. Compl. at 1. Plaintiff alleges that venue is proper in Hawaiʻi because the purported misconduct occurred in this district. *See id.*

On September 22, 2019, the parties jointly moved to stay the action pursuant to the first-to-file rule and the Court's inherent power to control its own docket. ECF No. 24. Significantly, Plaintiff represented that upon the imposition of a stay, she would seek transfer of the Tennessee action to this Court, but if she was unsuccessful, she would immediately move to dismiss this action without prejudice. *Id.* at 6–7. The Court granted the motion. ECF No. 26.

On September 14, 2020, Defendant filed a Motion to Lift Stay and Motion to Dismiss. ECF No. 33. The Court lifted the stay but denied without prejudice the portion of the motion seeking dismissal because Defendant failed to comply with

4

Local Rule 7.8 and the Court's General Civil Case Procedures.  ECF No. 34.

Defendant cured the deficiency and filed the present Motion on September 15,

2020.  ECF No. 35.  The Court imposed a briefing schedule on September 28,

2020, setting the response and reply deadlines as October 19, 2020 and November 2,

2020, respectively.  ECF No. 40.

On October 20, 2020, Plaintiff file a First Request to Extend Time,[2] asking

for a three-week extension of her response deadline.  The Court denied the request

without prejudice and directed Plaintiff to explain why had not sought dismissal of

this action given her representation that she would do so if she was unsuccessful in

transferring the Tennessee action to Hawai'i.  ECF No. 46.  Instead of complying,

Plaintiff filed a response to the Motion.  The Court elected to treat the response as

Plaintiff's opposition to this Motion in the interest of judicial economy.  ECF No.

48.

DISCUSSION

A.    Agreement to Dismiss this Action

Defendant argues that dismissal is required because Plaintiff already agreed

to dismiss this action should she fail in her effort to transfer the Tennessee action

---

[2]  Plaintiff initially sent this request to chambers but the Court took no action and informed Plaintiff that Local Rule 81.1(f) prohibits pro se parties from communicating with the presiding judge or chambers staff.  ECF No. 44. The Court advised Plaintiff to contact the clerk's office for filing instructions. *See id.*

here.  Plaintiff previously represented:

> Upon a stay of the instant action, Plaintiff will seek to have her WDTN Action transferred to this Court on the basis that Hawaii is the appropriate venue.  If Plaintiff is successful in transferring the WDTN [Action] to Hawaii, Plaintiff will dismiss the instant action with prejudice to avoid duplication.  If Plaintiff is unsuccessful in transferring the WDTN Action to Hawaii, and instead is required to litigate the substance of the WDTN Action in Tennessee, Plaintiff, upon entry of an Order in the WDTN Action denying transfer, will immediately move to dismiss without prejudice the instant action in Hawaii.

ECF No. 24 at 6–7.  The Tennessee court denied without prejudice Plaintiff's motion to transfer venue due to her failure to comply with related discovery requests.  ECF No. 35-10 at 2.  Notwithstanding the entry of this order in June, Plaintiff did not move to dismiss this action.

Plaintiff offers no explanation regarding her failure to comply with her representation, arguing instead that she never wanted this case dismissed.  ECF No. 47 at 2.  Although Plaintiff should have fulfilled this obligation that she agreed to undertake, and upon which she based her request for a stay, the Court recognizes that she is proceeding pro se.  Accordingly, the Court declines to dismiss this action based solely on her repudiation of her agreement to dismiss this case if the Tennessee court denied her motion to transfer venue.

B.   First-to-File Rule

Defendant also contends that the case should be dismissed pursuant to the first-to-file rule, which is "a judicially created 'doctrine of federal comity.'" *In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)).  It "may be applied 'when a complaint involving the same parties and issues has already been filed in another district.'" *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (citation omitted); *In re Bozic*, 888 F.3d at 1051.  Courts analyze three factors in determining whether the rule applies:  (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues.  *See Kohn Law Grp.*, 787 F.3d at 1240.

The first-to-file rule should not be rigidly or mechanically applied, "but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys.*, 678 F.2d at 95.  It "is intended to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly,'" and to drive the courts "to maximize 'economy, consistency, and comity.'" *Kohn Law Grp.*, 787 F.3d at 1239–40 (alteration in original) (citations omitted).

While represented by counsel, Plaintiff conceded that the foregoing factors are satisfied.  ECF No. 24 at 6 ("The action before this Court satisfies all three of the threshold requirements under the first-to-file rule.").  Indeed, an independent

review reveals they are.  First, Plaintiff filed the Tennessee action on May 14, 2019, approximately one month before this action.  Second, the parties in both actions are identical.  Finally, both actions concern claims that Defendant violated the ADA by terminating Plaintiff and failing to accommodate her.  Plaintiff argues that the language in her Complaint here is "decidedly different" and unlike the Tennessee action, references unidentified defendants.  Her effort to distinguish her claims is unavailing.  Issues need only be substantially similar, not identical, to meet the similarity of issues factor.  *See Kohn Law Grp.*, 787 F.3d at 1240–41 (citations omitted).  Two suits involve substantially similar issues when "there is 'substantial overlap' between the two suits." *Id.* at 1241.  Because the two actions present the same claims, this factor is met.  For these reasons, the Court finds that the first-to-file rule applies in this case.[3]

When the first-to-file rule applies, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *In re Bozic*, 888 F.3d at 1052 (quoting *Cedars–Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (internal quotations omitted)).  Judicial

---

[3]  The presence of factors such as bad faith, forum shopping, or anticipatory suit may warrant exception to the application of the rule.  *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 627–28 (9th Cir. 1991) (citations omitted).  There is no evidence that Defendant acted in bad faith.  And in fact, by filing what is essentially the same lawsuit in two federal forums, Plaintiff has engaged in forum shopping.

economy would not be served by staying or transferring this action when it is predicated on the same underlying facts and claims as the Tennessee action. Transfer of this case to Tennessee would result in duplicative litigation there. Moreover, because resolution of the case in Tennessee will be dispositive, the imposition of a stay would be pointless.  Plaintiff cannot get a second bite at the apple here if she is dissatisfied with the outcome of the Tennessee action.[4] Therefore, dismissal is appropriate and the Court GRANTS Defendant's Motion. *See Pacesetter Sys.*, 678 F.2d at 97 (affirming the district court's declination of jurisdiction and dismissal in light of proceedings before another district court).

## CONCLUSION

For the reasons set forth herein, the Court GRANTS Defendant's Motion to Dismiss.  ECF No. 35.

//

//

//

//

---

[4]  Indeed, res judicata would bar Plaintiff from relitigating her claims here.  *See Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) ("Under the doctrine of res judicata, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' even if that judgment 'may have been wrong or rested on a legal principle subsequently overruled in another case.'" (alteration in original) (citation omitted)).

IT IS SO ORDERED.

DATED:     Honolulu, Hawai'i, November 10, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00298 JAO-RT; *Holloway v. FedEx Express*; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS